IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
(SOUTHERN DIVISION)

| | |
|---|---|
| HERSCHEL L. LANEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV: |
| | ) |
| COVINGTON CREDIT OF ALABAMA, INC., a domestic corporation, EQUIFAX INFORMATION SERVICES, LLC, a foreign limited liability company, | ) ) ) ) ) ) ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, HERSCHEL L. LANEY, by and through his attorney of record, and files this Complaint and further states as follows:

### PARTIES, JURISDICTION AND VENUE

1.  Plaintiff HERSCHEL L. LANEY (hereinafter "Plaintiff" or "Laney") is a natural person, resident and citizen of the State of Alabama, living in Auburn, Alabama, and is over the age of nineteen (19) years.

2.  Defendant, COVINGTON CREDIT OF ALABAMA, INC. (hereinafter "Covington") is a domestic corporation with a business address in Montgomery, Alabama. Covington is licensed to do business in the State of

Alabama and who does business in Lee County and Jefferson County, Alabama.

3. Defendant, EQUIFAX INFORMATION SERVICES, LLC (hereinafter "Equifax") is a foreign limited liability company with its principal address in Atlanta, Georgia, and who is licensed to do business in the State of Alabama and does business in Jefferson County, Alabama.

4. The amount in controversy exceeds $75,000.00, exclusive of interests and costs.

5. This Court has jurisdiction over the subject matter of this action pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (hereinafter "FCRA").

6. Venue is proper in this District because at all material times hereto, Defendants were doing business in this judicial district and are subject to suit in this judicial district.

7. Personal jurisdiction exists over the Defendants as Covington is a domestic corporation and Equifax is a foreign limited liability company that is qualified to do business in Alabama. Each has the necessary minimum contacts with the State for general jurisdiction and this suit arises out of its specific conduct within the forum state.

## FACTS

8. This action arises out of Defendants' violations of the FCRA, out of state law violations and out of the invasion of Plaintiff's personal and financial privacy by the Defendants.

2

9. At all times pertinent hereto, each Defendant was doing business in the State of Alabama.

10. Laney took out a personal "note" loan with Covington with account number 42822xxxx that was opened on or about October 24, 2014.

11. At all material times, Laney made timely payments on that loan.

12. At no time was Laney thirty (30) days or more late on the loan.

13. In January 2015, Laney's payment was timely made.

14. Covington reports its loan information to credit reporting agencies, including Equifax and furnishes information to Equifax on its consumers.

15. Covington reported Laney's January 2015 payment as thirty (30) days late to Equifax.

16. Equifax is engaged in the business of maintaining and reporting consumer credit information and is considered a credit reporting agency.

17. Laney had several conversations with local Covington employees, as well as Covington employees in South Carolina, to fix his credit report.

18. Those efforts failed.

19. Laney disputed the credit information with Equifax.

20. In response to that dispute, Covington removed the derogatory credit information that Laney was thirty (30) days late in January 2015.

21. Equifax removed the derogatory credit information.

22. However, the following month, the derogatory credit information reappeared through reporting by Covington and/or reinsertion by Equifax.

23. Laney again had several conversations with Covington regarding the derogatory information.

24. The Alabama employees blamed the South Carolina employees and vice versa.

25. Laney disputed the information a second time with Equifax.

26. Again, the information was deleted only to reappear on Laney's report.

27. Laney again called Equifax.

28. Equifax responded that it relies upon the information provided by the creditor.

29. Laney offered to produce the receipt which would establish that he was not thirty (30) days late in January.

30. Equifax was not interested in this evidence and reiterated that it relies upon the information provided to it by the furnisher of information.

31. At the time of filing, the derogatory credit information remained on Laney's credit report with Equifax.

32. The Defendants failed to properly investigate the disputes.

33. The Defendants had, or were offered, more than sufficient information in the dispute and follow up and within their own internal sources of information to conduct an investigation and to conclude that the account was being reported incorrectly.

34. Defendant Equifax has failed to maintain Plaintiff's account with maximum accuracy.

35. Defendants have failed to properly investigate the account in response to the disputes made by Plaintiff.

36. The conduct of the Defendants has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

37. It is a practice of all of the Defendants to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FCRA and state law.

38. All Defendants are sophisticated businesses and they know their conduct is wrong.

## COUNT ONE
## (NEGLIGENCE/WANTONNESS)

39. Plaintiff adopts and incorporates by reference all preceding paragraphs as if fully set forth herein.

40. Defendants negligently and/or wantonly injured the Plaintiff.

41. Defendants assumed a duty, through the subscriber agreement and other actions, to accurately report the account information.

42. Defendants violated all of the duties and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

43. It was foreseeable, and Defendants did in fact foresee it, that refusing to properly update and investigate would cause the exact type of harm suffered by the Plaintiff.

44. Defendants acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff Laney as set forth in this Complaint. This includes the initial reporting of Defendant Covington account; the handling of any investigations on the accounts; and all other aspects as set forth in this Complaint, including the collection suit by Defendant Covington.

45. As a direct and proximate result of the actions of Defendants, Plaintiff has suffered damages.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff claims compensatory and punitive damages against the Defendants as a result of the combined and concurring wrongful acts in an amount to be determined by the trier of fact, plus interest and costs, including attorney's fees.

## COUNT TWO
## (FCRA)

46. Plaintiff adopts and incorporates by reference all preceding paragraphs as if fully set forth herein.

6

47. Defendant Equifax is a "consumer reporting agency" as codified at 15 U.S.C. § 1681a(e).

48. Defendant Covington is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

49. Plaintiff Laney notified Defendant Covington directly of a dispute on the Defendant account's completeness and/or accuracy, as reported.

50. Plaintiff Laney notified Defendant Equifax directly of a dispute on the Defendant account's completeness and/or accuracy, as reported.

51. Defendant Equifax properly notified Defendant Covington of Plaintiff's dispute in accordance with the FCRA requirements.

52. Alternatively, Defendant Equifax failed to notify Defendant Covington of Plaintiff's dispute in accordance with the FCRA requirements.

53. Defendants failed to delete information found to be inaccurate, reinserted the information without following the FCRA, and/or failed to properly investigate Plaintiff's disputes.

54. Plaintiff alleges that at all relevant times Defendant Equifax failed to maintain and/or failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff Laney's credit reports, concerning the account in question, violating 15 U.S.C. § 1681e(b).

55. Plaintiff Laney alleges that all Defendants failed to conduct a proper and lawful reinvestigation.

56. The actions by the Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA and state law and/or that Defendants knew or should have known that their actions were in reckless disregard of the FCRA and state law.

57. All of the violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff claims compensatory and punitive damages against the Defendants as a result of the combined and concurring wrongful acts in an amount to be determined by the trier of fact, plus interest and costs, including attorney's fees.

## COUNT THREE
## (INVASION OF PRIVACY)

58. Plaintiff adopts and incorporates by reference all preceding paragraphs as if fully set forth herein.

59. Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendants violated Alabama state law as described in this Complaint.

60. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

61. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

62. Defendants intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and/or private concerns or affairs of the Plaintiff.

63. Defendants intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting

9

or credit reporting this debt thereby invading and intruding upon Plaintiff's right to privacy.

64. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

65. The conduct of Defendants, in engaging in the above-described illegal conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

66. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

67. All acts of Defendants were committed with malice, intent, wantonness, and/or recklessness and as such Defendants are subject to punitive damages.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff claims compensatory and punitive damages against the Defendants as a result of the combined and concurring wrongful acts in an amount to be determined by the trier of fact, plus interest and costs, including attorney's fees.

## COUNT FOUR
### (NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT EMPLOYEES OR AGENTS)

68. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

69. Defendants' agents or employees are allowed and encouraged to break the law.

70. Defendants are aware of the wrongful conduct of its employees or agents.

71. Defendants negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent employees or agents, who were allowed or encouraged to violate the law as was done to Plaintiff, and Defendants are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff claims compensatory and punitive damages against the Defendants as a result of the combined and concurring wrongful acts in an amount to be determined by the trier of fact, plus interest and costs, including attorney's fees.

## COUNT FIVE
## (DEFAMATION)

72. Plaintiff adopts and incorporates by reference all preceding paragraphs as if fully set forth herein.

73. The Defendants did intentionally, knowingly, and willingly make false and defamatory statements concerning the Plaintiff.

74. The statements communicated were not privileged and were made to third parties.

75. By the publication of these statements to the public, the Defendants published defamatory statements to a wide range of persons in the public.

11

76. The statements made by Defendants that Plaintiff is, or was behind, or late, are false and untrue and defamed Plaintiff.

77. By publication of the statements to a wide range of persons in the public, Plaintiff has sustained extensive damages including, but not limited to, *inter alia*, damage to reputation, obloquy, public humiliation, shame, embarrassment, contempt, ridicule, aversion, degradation, disgrace.

78. The false statements of sufficient specificity were made negligently, wantonly, with malice and/or recklessly by the Defendants.

79. As a proximate result of the Defendants' acts of defamation, Plaintiff suffered actual and continuing financial damage and embarrassment, humiliation, and mental anguish.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff demands judgment against the Defendants for compensatory and punitive damages in an amount to be determined by the trier of fact plus interest, costs, expenses, and attorney's fees.

### PRAYER FOR RELIEF:

80. Awarding actual and compensatory damages;

81. Awarding statutory damages;

82. Awarding punitive damages;

83. Awarding damages for personal, physical, and emotional pain and suffering;

84. Awarding relief to Plaintiff by demanding all damages available under the FCRA, including all attorneys' fees;

85. Awarding costs, fees, including Attorney's fees;

86. Granting such other relief as the Court deems just and equitable.

## PLAINTIFF HEREBY DEMANDS A TRIAL BY STRUCK JURY ON ALL MATTERS RAISED HEREIN

Respectfully submitted:

/s/ Jason Yearout

Jason L. Yearout (ASB-4487-T80J)
Attorney for Plaintiff
Yearout & Traylor, P.C.
3300 Cahaba Road, Suite 300
Birmingham, Alabama 35223
t. 205.414.8169
f. 205.414.8199
e. jyearout@yearout.net